IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL WILLIE INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:10cv062-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Plaintiff Carl Willie Ingram applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* His applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date of June 12, 2002, through the date of the decision. Tr. 15. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #6); Def.'s Consent to Jurisdiction (Doc. #7). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability. A negative
answer to any question, other than step three, leads to a determination of "not
disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3]   *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]   *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty years old at the time of the hearing before the ALJ. Tr. 22, 28. Plaintiff completed high school. Tr. 29. Plaintiff's past relevant work experience was as a "laborer in the construction industry." Tr. 22.[5] Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 12, 2002 (Step 1). Tr. 16. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "compression fracture and lower limb fracture." Tr. 17. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (Step 3) Tr. 17. Next, the ALJ found that Plaintiff "has the residual functional capacity to perform the full range of light work at the unskilled level." Tr. 17. The ALJ then found that Plaintiff is unable to perform his past relevant work. (Step 4) Tr. 22. The ALJ next found that, given Plaintiff's RFC for the full range of light work, "a finding of 'not disabled' is directed by the" medical vocational guidelines. Tr. 23. Nevertheless, the ALJ also consulted with a vocational expert, who testified that Plaintiff can perform light, unskilled occupations, including "sewing machine operator," "cleaner housekeeper," and "parking lot attendant." Tr. 42-43; *see also id.* at 23. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from June 12, 2002, through December 31, 2006," the date Plaintiff last met the insured status requirements of

---

[5] The vocational expert also testified that Plaintiff has prior experience as a grave digger and a landscape laborer. Tr. 42.

the Act.  Tr. 23-24.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents four issues for this Court's consideration in review of the ALJ's decision: (1) "[w]hether the ALJ failed to properly evaluate [Plaintiff's] pain[;]" (2) "[w]hether the new and material evidence submitted to the Appeals Council warrants remand[;]" (3) "[w]hether the ALJ misconstrued the record in giving weight to Dr. Banner[;]" and (4) "[w]hether the ALJ's finding of [Plaintiff's RFC] is not based on substantial evidence."  Pl.'s Brief (Doc. #14) at 1.

## V.   DISCUSSION

### A.   Whether the ALJ properly evaluated Plaintiff's complaints of pain.

Plaintiff asserts that the ALJ failed to properly evaluate his complaints of pain. Specifically, Plaintiff claims "the ALJ's reasons for discrediting [Plaintiff's] pain are not supported by substantial evidence . . . [and that], [t]herefore, this case should be remanded for an award of benefits."  Pl.'s Brief (Doc. #14) at 11.  Defendant maintains the ALJ complied with all applicable regulations in assessing Plaintiff's pain testimony, and that the ALJ's credibility determinations are supported by substantial evidence.  Def.'s Brief (Doc. #17) at 7-9.

The Court of Appeals for the Eleventh Circuit has articulated its "pain standard," governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ evaluates the "claimant's subjective testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Eleventh Circuit has also held that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id.* at 1561. Importantly, it is only evidence of the underlying condition which could reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard." *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991); *see also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F. Supp. 2d 1269, 1272-73 (N.D. Al. 2006) (quoting *Elam*, 927 F.2d at 1215). Where the ALJ proceeds to consider the claimant's subjective testimony about pain, the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). Finally, if the ALJ determines to discredit subjective pain testimony and such testimony is crucial to the claimant's assertion of disability, the ALJ "must articulate specific reasons for questioning the claimant's credibility." *Id.*

At the hearing before the ALJ, Plaintiff testified about pain stemming from his leg

injury which affects his ability to perform work. Tr. 33, 37. Plaintiff also described the "constant" pain in his back, leg, and ankle. Tr. 39. He testified that he can walk, stand, or sit continuously for only about fifteen minutes. Tr. 39. Plaintiff further testified about measures, including alternating sitting and standing and postural shifts, that he employs to alleviate pain. Tr. 39. Finally, Plaintiff testified that his pain does not seem to be getting better. Tr. 40.

In this case, the ALJ properly stated the standards governing his evaluation of Plaintiff's subjective pain testimony and cited to 20 C.F.R. § 404.1529, "which contains the same language regarding the subjective pain testimony that [the Eleventh Circuit] interpreted when initially establishing its three-part pain standard." *Wilson*, 284 F.3d at 1225. Then, upon reviewing the record and Plaintiff's testimony, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. 22. Thus, the ALJ found that Plaintiff passed through the threshold of the "pain standard," but that his testimony about pain was not fully credible. Accordingly, the ALJ was required to "articulate specific reasons for questioning the claimant's credibility" and those reasons must be supported by substantial evidence.

The ALJ's given reason for his decision to discredit Plaintiff's subjective pain testimony was as follows: "The undersigned finds that claimant is full of subjective

complaints; however, claimant did receive Worker's Compensation in the amount of $9,000.00, which he obviously spent, as claimant reported that he did not see his physicians regularly because he was unable to afford payment of medical bills or medication." Tr. 22. Apart from his general review of all of the medical evidence, the ALJ did not refer to any particular piece of medical evidence which he deemed salient in his decision to discredit Plaintiff's testimony.[6] Moreover, despite affirming that he must consider the numerous factors listed in 20 C.F.R. § 404.1529(c)(3)(i-vii)[7] in assessing the credibility of Plaintiff's pain testimony, *see* Tr. 17-18, the ALJ did not articulate whether his consideration of any one of these factors led him to reject Plaintiff's pain testimony. Rather, it appears the only explicit reason given for the ALJ's rejection of Plaintiff's testimony about pain was the ALJ's finding that Plaintiff spent his workman's compensation settlement on things other than medical treatment.

---

[6] Indeed, the only piece of medical evidence to which the ALJ ascribed particular significance was the "opinion" of the consultative examiner, Dr. Banner. In formulating Plaintiff's RFC, the ALJ "assign[ed] significant evidentiary weight to the opinion of Dr. Sam Banner[,]" finding such "opinion" "well reasoned and well supported by the evidence of record." Tr. 22. The ALJ attributes to Dr. Banner an opinion that Plaintiff could perform light work. Tr. 22. However, as conceded by Defendant, Def.'s Brief (Doc. #17) at 9-10, Dr. Banner did not render any such opinion. Dr. Banner only conducted a consultative musculoskeletal exam of Plaintiff, without rendering any opinions about Plaintiff's functional limitations. Tr. 166-69. In fact, Dr. Banner diagnosed Plaintiff with "Chronic Right Lower Extremity Pain," "Chronic Low Back Pain by history," and "Thoracic Scoliosis with concavity to right." Tr. 169.

[7] As set out by the ALJ, these factors include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain; (5) treatment, other than medication, the claimant receives or has received for pain relief; (6) any measures used to relieve pain; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain.

This lone explicit reason given by the ALJ for discrediting Plaintiff's testimony is inadequate. The ALJ's reliance on the fact that Plaintiff did not spend his workman's compensation settlement on medical treatment ignores Plaintiff's testimony that he spent the money on a trailer and a car in hopes of being able to find work painting, but that such work proved "unbearable" due to pain. Tr. 29-30. The ALJ's reliance also ignores Plaintiff's treating physician's opinion that notwithstanding his condition in 2002 - the last time he treated Plaintiff and prior to the workman's compensation settlement - Plaintiff may have "[f]uture medical concerns . . . related to his back discomfort . . . as well as the potential for post traumatic arthritis of his ankle . . . [which] would be work related." Tr. 156. Plaintiff's expenditures shortly after finishing treatment for his injuries are not, alone, sufficient to discredit his testimony about pain which he claims has continued to develop over the years since the expenditures, especially where Plaintiff's treating physician recognized that he could have "future medical concerns" related to pain and his ability to work. Beyond this lone reason articulated by the ALJ, to the extent he intended to rely on any perceived lack of objective medical evidence of pain itself, such reliance was also improper. *Snyder v. Comm'r of Soc. Sec.*, 330 F. App'x 843, 848 (11th Cir. 2009) (remanding case where "ALJ properly applied the pain standard" but rejected claimant's pain testimony because allegations were not supported by objective medical evidence).

Because the ALJ in this case determined that the objective medical evidence indicated that Plaintiff's "impairments could reasonably be expected to produce" the disabling pain

10

complained of by Plaintiff, the ALJ was required to articulate explicit and adequate reasons for his rejection of Plaintiff's testimony, and those reasons must be supported by substantial evidence. In dismissing Plaintiff's testimony based on a finding that Plaintiff is "full of subjective complaints" and failed to spend his workman's compensation settlement on medical treatment, the ALJ failed to satisfy these standards. Accordingly, this matter is due to be reversed and remanded so that the ALJ may reconsider his rejection of Plaintiff's pain testimony. *Cavarra v. Astrue*, 393 F. App'x 612, 616 (11th Cir. 2010) (reversing and remanding where "ALJ's credibility determination is not supported by substantial evidence and therefore must be set aside").[8]

## VI.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner. A separate judgment will issue.

DONE this 23rd day of February, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[8] Because the Court orders reversal and remand on the basis of this issue, the Court does not consider whether the ALJ erred with respect to Plaintiff's other contentions.